## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH ZAPPIA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SLM CORPORATION a/k/a SALLIE MAE, JONATHAN W. WITTER, and PETER M. GRAHAM,<br><br>Defendants. | Case No. 2:25-cv-18834-MCA-JBC<br><br>Hon. Madeline Cox Arleo<br>Magistrate Judge James B. Clark<br><br>**JOINT MOTION FOR STAY OF RESPONSE DEADLINES PENDING APPOINTMENT OF LEAD PLAINTIFF** |

Plaintiff Joseph Zappia ("Plaintiff"), individually, and on behalf of all others similarly situated, and Defendants SLM Corporation, Jonathan W. Witter, and Peter M. Graham ("Defendants," and together with Plaintiff, the "Parties"), file this Joint Motion for Stay of Response Deadlines Pending Appointment of Lead Plaintiff. The Parties request that the Court enter the attached proposed Order staying Defendants' time to answer, move, or otherwise respond to any complaint in this action pending appointment of a lead plaintiff and lead counsel, and further ordering that within fourteen (14) days after entry of an order appointing lead plaintiff and lead counsel, the appointed lead plaintiff and Defendants shall meet and confer, and submit to the Court a proposed schedule for the filing of an amended complaint and motion to dismiss. Good cause exists for this request. In support, the Parties state as follows.

1.     On December 19, 2025, Plaintiff filed the above-captioned lawsuit, a putative class action alleging violations of the federal securities laws under the Securities Exchange Act of 1934, against Defendants.

2.     On February 26, 2026, Defendants, through their counsel, agreed to accept service of the complaint in the above-captioned lawsuit (the "Complaint"), and in doing so, preserved all defenses and objections, including but not limited to objections to venue or forum, except a defense as to sufficiency of service of process of the Complaint.

3.     The Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A)-(B), which governs this action, provides that (i) not later than twenty days after the date on which the first complaint is filed, the plaintiff shall publish a notice advising members of the purported plaintiff class, (ii) not later than sixty days after the date on which the notice is published any member of the purported class may move the court to serve as lead plaintiff, and (iii) not later than 90 days after the date on which a notice is published the court shall appoint the "most adequate plaintiff" as lead plaintiff.

4.     Pursuant to 15 U.S.C § 78u-4(a)(3)(A)(i)(II), Plaintiff and his counsel filed a motion for appointment as lead plaintiff and lead counsel on February 17, 2026.

5.     The Parties anticipate that, after the resolution of the motion to appoint

2

lead plaintiff and lead counsel, the Court-appointed lead plaintiff will file an amended complaint that will supersede the existing Complaint.

6.      Defendants anticipate moving to dismiss the claims asserted against them in response to the amended complaint, which triggers a stay of discovery under the PSLRA (15 U.S.C. § 78u-4(b)(3)(B)).

7.      Given the special procedures specified in the PSLRA, including (i) the appointment of lead plaintiff, (ii) the filing of a single consolidated complaint by the Court-appointed lead plaintiff and lead counsel, and (iii) the stay of all discovery and other proceedings during the pendency of any motion to dismiss, the Parties respectfully submit that it is unnecessary for Defendants to respond to the current Complaint.

8.      Accordingly, the Parties request that the Court enter the attached proposed Order staying all deadlines for Defendants to respond to the current Complaint, and directing that within fourteen (14) days after entry of an order appointing lead plaintiff and lead counsel, lead plaintiff and Defendants shall meet and confer, and submit to the Court a proposed schedule for the filing of an amended complaint and response thereto.

Dated: March 11, 2026,

/s/ *Brian Calandra*                                  
Brian Calandra
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
Tamar Weinrib
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
bcalandra@pomlaw.com
jalieberman@pomlaw.com
tweinrib@pomlaw.com
ahood@pomlaw.com


**WOHL & FRUCHTER LLP**
Joshua E. Fruchter
(*pro hac vice* application forthcoming)
25 Robert Pitt Drive, Suite 209G
Monsey, New York 10952
Telephone: (845) 290-6818
Facsimile: (718) 504-3773
jfruchter@wohlfruchter.com

*Counsel for Plaintiff Joseph Zappia*

/s/ *Kevin M. McDonough*                          
Kevin M. McDonough (41892005)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY  10020
Telephone: (212) 906-1200
Facsimile:  (212) 751-4864
Email: kevin.mcdonough@lw.com

Abid R. Qureshi
(admitted *pro hac vice*)
Christopher S. Turner
(admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile:  (202) 637-2201
Email: christopher.turner@lw.com

Colleen C. Smith
(admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
Facsimile:  (858) 523-5450
Email: colleen.smith@lw.com

*Counsel for Defendants SLM Corporation, Jonathan W. Witter, and Peter M. Graham*

4